T. L. TALLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30715.   Promulgated March 11, 1931.

*Edgar K. Brown, Esq.,* and *E. H. Whitcombe, Esq.,* for the petitioner.

*C. H. Curl, Esq.,* for the respondent.

**OPINION.**

McMahon: The petitioner assigns as error the inclusion in petitioner's taxable income for 1922 of income which petitioner claims belonged to his wife and son as his partners. The respondent has held that no partnership existed composed of petitioner, his wife and his son. The petitioner, in support of his contention that such a partnership did exist, introduced into evidence the agreement which we have set forth in our findings of fact.

It is well established that one of the requirements of a partnership relation is a right on the part of each partner to share in the profits from the business conducted. In 47 C. J., p. 668, it is stated:

As the prosecution of a business for the common benefit of the participants is the basis of every partnership, it follows that an agreement to share profits, although not necessarily express, is an essential element of the relationship and that, at least as between the parties, themselves, there must be a community of interest, or right to participate, in the profits of the business or venture before it can be said that an agreement of partnership has been entered into and exists. * * *

In the case of *Drake* v. *Hall*, 220 Fed. 905, the Circuit Court of Appeals, Seventh Circuit, considered the question of partnership. In that case, upon the dissolution of a partnership, all the property was conveyed to the succeeding partner except a patent, issued to the two partners jointly and under which they had been manufacturing. The succeeding partner was given the exclusive use and control of the patent for one year, for which he was to pay the other party a royalty on all articles made thereunder. The Court held that such agreement did not constitute a partnership, but that the ownership of the patent remained as before, vested in the patentees as tenants in common. The Court stated:

The distinctions between co-ownership of property and copartnership relation therein, and that mere joint ownership and control of property does not constitute relationship as copartners therein, are well settled. Lindley on Partnership (2d Am. Ed.) § 6, c. 1. It is of the essence of copartnership relation that an agreement appear, express or implied, for sharing the profits of a business.

"The requisites of a partnership are that the parties must have joined together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits." *Ward* v. *Thompson*, 22 How. 330, 334, 16 L. Ed. 249; *Meehan* v. *Valentine*, 145 U. S. 611, 618, 12 Sup. Ct. 972, 36 L. Ed. 835.

Without proof of such import in the agreement or conduct of these parties the contention of copartnership relation between them thus became untenable.

In *Meehan* v. *Valentine*, 145 U. S. 611, it was held that one who lends money to a partnership under an agreement that he shall be paid one-tenth of the yearly profits of the business if those profits exceed the sum loaned, does not thereby become liable as a partner for the debts of the partnership. In its opinion, the Supreme Court said:

The requisites of a partnership are that the parties must have joined together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits. *Ward* v. *Thompson*, 22 How. 330, 334.

\* \* \* \* \* \* \* \* \* \*

\* \* \* And participating in profits is presumptive, but not conclusive, evidence of partnership.

In *Westcott* v. *Gilman et al.*, 170 Cal. 562; 150 Pac. 777, the Supreme Court of California stated:

\* \* \* But while thus the element of profit sharing does not alone and of itself establish a partnership, it is an essential element of every partnership, and it is an element present in this contract. \* \* \*

At the hearing the petitioner testified that he had always considered Seymour Talley, his son, as a partner from the time he was born. He stated that Seymour Tally's first wife had died, and that he was about to remarry at the time the agreement was executed. Petitioner further stated that since he felt that the second wife might influence Seymour Tally in the conduct of the business, he caused the agreement to be executed in order that he might retain control of the business. However, the evidence discloses that petitioner retained title to the property employed in the business. The purported partnership agreement provides that "the said T. L. Tally \* \* \* agrees that the use of all the property \* \* \* is hereby contributed to this copartnership during the life thereof." It further provides "\* \* \* that all gains, profits and increase that shall come, grow or arise from or by means of said business or property, shall belong to the said partners share and share alike, *except as hereinafter provided*, \* \* \*." Thereafter in the purported part-

nership agreement it is provided that the petitioner " shall be  *  *  * the *absolute dictator as to the methods and policies to be pursued in the management thereof, particularly including the manner, method and amount of all expenditures, and division of all profits."*  (Italics ours.)

While the agreement is called by the parties an agreement of co-partnership, it is our opinion that the above quoted extracts indicate that it was not such.  From a reading of the agreement we can not avoid the conclusion that the petitioner reserved the right to absolutely deprive his wife and son of participation in the profits of the business if he so desired, and, as pointed out above, community of interest in the profits from the business is one of the prerequisites of a partnership relation.  No issue has been raised as to whether the amounts withdrawn by the son and wife are deductible as salaries, and, in any event, we are without evidence to determine whether or not those amounts constitute reasonable salaries.  The income from the business was, in the first instance, income to the petitioner and is taxable to him.  See *Charles P. Leininger*, 19 B. T. A. 621, and *Earl* v. *Lucas*, 281 U. S. 111.  The holding of the respondent is approved.

The petitioner asks that we hold that respondent is estopped to assert any deficiency against the petitioner because the respondent's determination that there was no partnership was not made within such time as would permit the refund to the wife and son of any over-assessment which resulted therefrom.  The petitioner advances no argument in favor of his contention and we can see no merit in it.

Reviewed by the Board.

*Judgment will be entered for the respondent.*